IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARLAND L. WALDROOP, II,            ) | |
| )                                                   | |
| **Petitioner**          ) | |
| )                                                   | |
| vs.                                                ) | Case No. CIV-07-1001-F |
| )                                                   | |
| JOSEPH SCIBANA, Warden,     ) | |
| )                                                   | |
| **Respondent**      ) | |

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has moved to dismiss the action, and Petitioner has responded and moved the Court for leave to expand the record. For the reasons set forth below, it is recommended that the action be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies, or alternatively, that it be dismissed as moot.

Petitioner is a federal prisoner who alleges that he is currently confined in the Federal Correctional Institution in El Reno, Oklahoma (FCI- El Reno). Petition for Writ of Habeas Corpus (Petition), p. 2. Petitioner is serving a 30 month sentence for conspiracy to commit bank fraud and bank fraud which he received following a jury trial. Case No. CR-03-87-1-R, United States District Court for the Western District of Oklahoma; Petition, p. 3.[1]  By this action, Petitioner seeks an order requiring the Bureau of Prisons

---

[1]Petitioner was also sentenced to three years of supervised release. Petition, p. 3.

to "properly consider [him] for the full six months [of community] placement and home confinement." Id. at 4. In the memorandum attached to his petition, Petitioner alleges that exhaustion of administrative remedies "does not appear to apply to the proceedings at hand" and that he is currently scheduled for transfer to community placement on March 20, 2008, which will only permit him approximately 79 days of such placement. [Memorandum in Support of] Petition for the Issuance of a Writ of Habeas Corpus (Memorandum in Support), p. 2. He claims that the applicable statute and regulation require the Bureau of Prisons to consider the five factors which inform decisions regarding placement in general when making decisions regarding community placement. Id. at 3-4 (citing 18 U.S.C. § 3621(b); 28 U.S.C. § 994(a)(2); and 28 C.F.R. 570.21). He claims that a prior regulation prohibiting community placement prior to the last ten percent of an inmate's sentence has been found to be inconsistent with this requirement. Id. at 4 (citing Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007)).

Respondent counters that Petitioner is required to exhaust his administrative remedies concerning his request for community placement, and that Petitioner has not done so in this case. Motion to Dismiss, p. 1. Moreover, Respondent states that Petitioner was considered for community placement in full compliance with the mandates of Wedelstedt on October 17, 2007, and he was actually recommended for 90 to 120 days of such confinement, rendering his request moot. Id. In support, Respondent provides two declarations by James D. Crook, Supervisory Attorney for the Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, indicating that on May 4, 2007, it was recommended that Petitioner not be transferred to a community

2

placement facility at that time because he was in the process of undergoing diagnostic evaluation and medical treatment; however, Petitioner was again reviewed for transfer on October 19, 2007, and 90 to 120 days of community placement was recommended. Motion to Dismiss, Ex. A ¶ 5-6; Response to Petitioner's Rule 7 Motion, Ex. 1 ¶ 3.

In reply, Petitioner claims that use of the administrative remedy process would be futile because the Bureau of Prisons has still not revised its program statement to "fit within the decision" in Wedelstedt. Petitioner's Response to Bureau of Prisons Motion to Dismiss, p. 2. He further claims that the BOP has failed to properly consider him, has been "totally inconsistent" in its determinations as to who receives a full six months of community placement, has not mentioned "one reason why" he is not eligible for a full six months of such placement, and is biased against "certain inmates" when it comes to community placement. Id. at 3-4. He claims that he should have been recommended for 150-180 days of community placement rather than 90-120 days. Id. at 4. Finally, he claims that "all inmates are eligible for the full six months halfway house CCC/RRC placement" and that the BOP has failed "to show cause" or state its reasons for denying his full six months. Id.

In Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007), the Tenth Circuit Court of Appeals held that the Bureau of Prisons' policy of limiting community corrections placement to the final six months of an inmate's sentence was inconsistent with 18 U.S.C. § 3621(b). Indeed. Respondent concedes that in the wake of Wedelstedt, Petitioner and other federal prisoners are eligible for community placement prior to the last ten percent of their sentences; however, he also notes that no inmate is entitled to such

transfer – only to consideration for transfer in light of the factors contained in 18 U.S.C. § 3621(b).[2] Motion to Dismiss, p. 6-7. He also notes that the reason Petitioner was not cleared for community placement initially was due to ongoing medical treatment. Id. at 7. Respondent has attached documentation showing both the associated medical documents, and the worksheet reflecting the BOP's review of Petitioner's suitability for community placement and ultimate approval for 90 to 120 days of such placement. Id. at Att. 1 & 2. Respondent also notes that the administrative remedy program is not futile under Wedelstedt, and Petitioner's compliance with administrative exhaustion requirements would have resulted in his being advised of his placement recommendation in accordance with Wedelstedt. Id. at 6.

It light of Wedelstedt, it is clear that the Petitioner's resort to the administrative remedy process is far from futile. Indeed, it appears that the administrative remedy process is a particularly well-suited vehicle by which the Petitioner could request community corrections placement, or, at the very least, expedite consideration of his eligibility for such. By contrast, this proceeding is particularly ill-suited to make such a determination, given that the Court lacks the expertise possessed by the BOP in evaluating the § 3621(b) factors. The only thing the record shows in this case is that the BOP has already considered Petitioner for community placement, that community placement was delayed for medical reasons initially, but was finally granted after a

---

[2] 18 U.S.C. § 3621(b) provides consideration of the following factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

consideration of the applicable factors. To the extent Petitioner believes that the BOP has unreasonably delayed consideration of his request, or improperly exercised its discretion, he is free to invoke the administrative remedies available to him to obtain review of that issue, generating a record susceptible to review. He has not done so thus far, and concedes as much. It is therefore recommended that the petition be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies. Alternatively, it is recommended that the petition, construed as a request for consideration for community placement in light of the Wedelstedt factors, be dismissed as moot.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus [Doc. No. 9] be granted, and that this action be dismissed without prejudice for Petitioner's failure to exhaust his administrative remedies, or alternatively, as moot.[3] Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 15, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation

---

[3]Petitioner's motion to expand the record to include a letter from the Oklahoma Halfway House, Inc., is hereby granted. [Doc. No. 11]. The letter merely reflects what Respondent concedes: that Petitioner has been accepted for community placement.

disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 26th day of March, 2008.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE